IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN GLENN GUTHRIE, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § § | |
| OCWEN LOAN SERVICING, LLC, REALHOME SERVICES AND SOLUTIONS, INC., ALTISOURCE, PREMIUM TITLE SERVICES – TEXAS TITLE; HUBZU.COM; DOES 1-50, | § § § § § § § § | CIVIL ACTION NO. 5:21-CV-01291 |
| *Defendants*. | § | |

## PHH MORTGAGE SERVICES' MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant PHH Mortgage Corporation d/b/a PHH Mortgage Services, successor by merger to Ocwen Loan Servicing, LLC ("Defendant" or "PHH") files this Motion to Dismiss and Brief in Support (the "Motion") and respectfully shows the Court as follows:

### I.   INTRODUCTION

Plaintiff John Glenn Guthrie ("Plaintiff") filed this lawsuit on November 22, 2021, alleging PHH entered into a contract to sell him the real property commonly known as 10038 Windburn Trail, Converse, Texas (the "Property") and refused to disclose a preliminary title report. Based on the foregoing, Plaintiff asserts causes of action for fraud, breach of contract and negligence. Plaintiff seeks damages of $205,000.00 in loss of investment, treble damages, real estate agency commission fees of $2,850.00, and costs. However, each of Plaintiff's claims fail as a matter of law.

## II.     ARGUMENT AND AUTHORITIES

Plaintiff's complaint fails to withstand scrutiny under Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556, U.S. 662, 678 (2009). It is a requisite for the plaintiff to show that he is entitled to relief. *Id*. at 679 (citing FED. R. CIV. P. 8(a)(2)). The allegations in the plaintiff's pleadings need not be overly detailed; however, the pleadings must do more than make legal conclusions supported by "naked assertions" and devoid of "further factual enhancement." *Id*. at 678; *Escuadra v. Geovera Specialty Ins. Co.*, 739 F. Supp.2d 967, 978-79 (E.D. Tex. Sept 9, 2010); *see also Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusion will not suffice to prevent a motion to dismiss.").

In ruling on a 12(b)(6) motion, the Court should accept "facts alleged in the complaint … as true and construe[s] the allegations in the light most favorable to the plaintiff," but should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions." *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (citing *Nathenson v. Zonagen Inc*., 267 F.3d 400, 406 (5th Cir. 2001); *Westfall v. Miller*, 77 F.3d 868, 870 (5th Cir. 1996). "It is not enough that a plaintiff allege the mere possibility of misconduct; it is incumbent to show that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2); *Iqbal*, 556 U.S. at 679. This court may dismiss the complaint in its entirety under Rule 12(b)(6) if either the complaint fails to assert a cognizable legal theory or the facts are

insufficient to support relief under a cognizable legal theory. *See Vines v. City of Dallas, Tex.*, 851 F. Supp. 254, 259 (N.D. Tex. 1994).

Each of Plaintiff's claims fail as a matter of law. Even if the Court views the minimal conclusory facts alleged in the Complaint as true, and views all facts in light most favorable to Plaintiff, each of his claims still fail. Accordingly, all claims asserted by Plaintiff should be dismissed.

A.   PLAINTIFF'S BREACH OF CONTRACT CLAIM FAILS AS A MATTER OF LAW

Plaintiff conclusorily alleges a breach of contract claim without pleading a single factual allegation which meets the pleading standard of a breach of contract claim. To surmount a 12(b)(6) challenge, Plaintiff must plead: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by defendant; and (4) damages sustained by plaintiff as a result of the breach." *Sports Supply Group Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003); *Steel v. Green Tree Servicing, LLC*, No. 3:09-CV-0603-D, 2010 WL 3565415, at *4 (N.D. Tex. Sept. 7, 2010).

1. *Plaintiff fails to identify a valid contract or contractual provision PHH purportedly breached.*

"[I]t is not enough to generally allege the existence of a contract and generally allege that the contract has been breached. Instead, to state a plausible breach of contract claim a plaintiff must allege which provision of an identified contract has been breached." *Caine v. Wells Fargo Bank, N.A.*, No. H-17-2046, Doc No. 60 at 5 (S.D. Tex. Jun. 8, 2018); *see also Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) ("It has been held that a claim for breach of contract of a note and deed of trust must identify the specific provisions of the contract that was breached."); *Guajardo v. JP Morgan Chase, N.A.*, 605 F. App'x 240, 244 (5th Cir. 2015) (affirming dismissal of breach of contract claim where plaintiff did not specify which provision of

the deed of trust was breached). Here, Plaintiff fails to elucidate which contract is at issue or which contractual provision provides the basis of Plaintiff's breach of contract claim. *See* Compl. Indeed, Plaintiff does not even state whether he ultimately closed on the property, or tendered performance. Accordingly, Plaintiff's breach of contract claim fails as a matter of law.

**B.     PLAINTIFF'S FRAUD CLAIM IS INSUFFICIENTLY PLED**

   **1.     *Plaintiff fails to surmount Rule 9(b) pleading standards.***

Rule 9(b) of the Federal Rules of Civil Procedures imposes a heightened pleading standard for fraud claims that requires "a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). A plaintiff asserting fraud must "specify the statement contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. EXM Techs., Inc*., 112 F.2d 175, 177 (5th Cir. 1997). In other words, a plaintiff must specify the "who, what, when, where, and how" of the alleged fraud. *Id*. at 179.

To state a claim for fraud under Texas law, Plaintiff must plead that: (1) a material misrepresentation was made; (2) the representation was false; (3) when the representation was made, the speaker new it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation and the party acted upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *See In re First Merit Bank*, N.A.,52 S.W.3d 749, 758 (Tex. 2001).

Plaintiff wholly fails to specify what fraudulent statements, if any, were made, who made such statements, that the speaker knew such statements were false at the time the statements were made, and how the allegedly fraudulent statements were relied on by Plaintiff to his detriment. See *Williams*, 112 F.2d at 177; see also *In re First Merit Bank*, 52 S.W.3d at 758. In other words, Plaintiff fails to allege the who, what, when, where, and how of the alleged fraud. Therefore,

plaintiff's claims are insufficiently pleaded pursuant to FED. R. CIV. P. 9(b) and should be dismissed.

### 2.  *Plaintiff's fraud claim is barred by the economic loss doctrine.*

Moreover, Plaintiff's fraud claim is barred by the economic loss doctrine. The economic loss doctrine precludes recovery in tort when the loss sustained arises solely from the basis of a contractual obligation between the parties. *Daryani v. Wells Fargo Bank, N.A.*, 4:10-CV-05181, 2012 WL 3527924, at *3-4 (S.D. Tex. Aug. 13, 2012) ("Here, any complaints by Plaintiffs about Defendant's misrepresentations, or their failure to provide information relating to the loan or alleged modification agreement, relate to the parties' contractual relationship, and cannot, as a matter of law, form the basis of a fraud claim."); *Medistar Twelve Oaks Partners, Ltd. v. Am. Econ. Ins. Co.*, Civ. A. H-09-3828, 2010 WL 1996596, at *7 (S.D. Tex. May 17, 2010) (recognizing the economic loss rule as a bar to fraud claims). Additionally, Plaintiff cannot maintain a claim for fraud where the promise made in relation to the contract is contrary to the parties' contractual obligations. See *Estate of Rashti v. Bank of Am. Nat'l Ass'n*, 782 Fed. App'x 322, 327 (5th Cir. 2019) ("[I]f the alleged promise is covered by a valid contract the plaintiff cannot recover for the promise under promissory estoppel." (quoting *Gil Ramirez Grp., L.L.C v. Hous. Indep. Sch. Dist.*, 786 F.3d 400, 414 (5th Cir. 2015)) (citation omitted). Plaintiff did not plead a single fact supporting any injury independent of the economic loss associated with supposed contractual obligations between the parties. *See generally,* Complaint. Accordingly, Plaintiff's claim is barred and should be dismissed with prejudice.

### C.  PLAINTIFF'S NEGLIGENCE CLAIM FAILS AS A MATTER OF LAW

To prevail on a negligence claim, Plaintiff must establish: (1) a legal duty; (2) breach of that duty; and (3) damages resulting from the breach. *See Calhoun v. Stearns Lending,* LLC, 419CV00055ALMCAN, 2020 WL 2478542, *9 (E.D. Tex. Jan. 28, 2020), *report and*

*recommendation adopted*, 4:19-CV-55, 2020 WL 1226968 (E.D. Tex. Mar. 13, 2020) (citing *Andrews v. United States*, 561 F. Supp. 2d 707, 711 (E.D. Tex. 2007)). Plaintiff fails to plead any of the elements necessary to sustain a negligence claim.

### 1. *Plaintiff's negligence claim is barred by the economic loss doctrine.*

Additionally, Plaintiff's negligence claim is barred by the economic loss doctrine. The economic loss doctrine precludes recovery in tort when the loss complained of is the subject matter of a contract between the parties. *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). Significantly, the economic loss doctrine applies to real estate transactions. *Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617, 618 (Tex. 1986).

In this case, Plaintiff has not alleged any facts supporting injury independent of the purported economic losses caused by the alleged failure to perform contractual obligations. *See generally* Complaint; *See Clark v. Bank of Am.*, No. 3:12-CV-1277-N-BK, 2012 WL 4793465, at *5 (N.D. Tex. Aug. 1, 2012) (holding that the economic loss doctrine barred fraud claim based on a purported lack of authority under the loan documents to foreclose where plaintiff failed to allege any injury independent of the contracts between the parties); *DeLanney*, 809 S.W.2d at 494 ("When the only loss or damage is to the subject of the contract, the plaintiff's action is ordinarily on the contract.").[1] In fact, the only allegation against PHH is that it executed a contract to sell the Property to Plaintiff, and that it stalled escrow, refused to provide a title report, and avoided communication, each incidental to the purported contract. *See* Compl. ¶¶ 6-7. Accordingly, Plaintiff's negligence claim is barred by the economic loss doctrine and should be dismissed with

---

[1] *Jim Walter Homes, Inc.*, 711 S.W.2d at 618 ("[w]hen injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone."); *McCartney v. CitiFinancial Auto Credit, Inc.*, No. 4:10–CV–424, 2010 WL 5834802, at *5 (E.D. Tex. Dec. 14, 2010), rec. adopted, 2011 WL 675386 (E.D. Tex. Feb. 16, 2011).

prejudice. Further, Plaintiff fails to plead any fact that would support that PHH owed Plaintiff a duty.

### III. CONCLUSION

WHEREFORE, Defendant respectfully requests that the Court grant PHH's Motion to Dismiss, and pursuant to Rule 12(B)(6) of the Federal Rules of Civil Procedure, dismiss each of Plaintiff's claims with prejudice. PHH further pray that the Court grant all other and further relief, in law or in equity, to which they may be justly entitled.

Respectfully submitted,

LOCKE LORD LLP

*/s/ Shawnika L. Harris*
**B. David L. Foster**
  State Bar No. 24031555
  dfoster@lockelord.com
600 Congress Ave., Suite 2200
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Facsimile)

**Robert T. Mowrey**
  State Bar No. 14607500
  rmowrey@lockelord.com
**Shawnika L. Harris**
  State Bar No. 24106058
  Shawnika.Harris@lockelord.com
  2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 (Facsimile)

**ATTORNEYS FOR DEFENDANT**
**PHH Mortgage Corporation d/b/a PHH**
**Mortgage Services, successor by merger to**
**Ocwen Loan Servicing, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of January 2022, a true and correct copy of the foregoing document was served on the following via ECF and/or CMRRR according to the Federal Rules of Civil Procedure:

John Glenn Guthrie
1250 Iowa Street
Ashland, OR  97520
(541) 951-5818
***Plaintiff Pro Se***

Annalyn G. Smith
**SCHMOYER REINHARD LLP**
8000 IH 10 West, Suite 1600
San Antonio, Texas 78230
Telephone: (210) 447-8033
Facsimile: (210) 447-8036

***Attorneys for REALHome Services
and Solutions, Inc.
Altisource Solutions, Inc.
Premium Title Services of Texas, Inc.
LLC***

*/s/ Shawnika L. Harris*
**Counsel for Defendant
PHH Mortgage Corporation d/b/a PHH Mortgage Services, successor by merger to Ocwen Loan Servicing, LLC**