UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JOHN GLENN GUTHRIE,**

   *Plaintiff*,

v.     Case No. SA-21-CV-01291-JKP

**OCWEN LOAN SERVICING, LLC**
**REALHOME SERVICES AND**
**SOLUTIONS, INC., ALTISOURCE,**
**PREMIUM TITLE, SERVICES –**
**TEXAS TITLE, HUBZU.COM,**
**DOES 1-50,**

   *Defendants*.

## O R D E R

Before the Court is Defendant PHH Mortgage Services's (PHH), successor to Ocwen Loan Servicing, Motion to Dismiss pursuant to Federal Rule 12(b)(6). *ECF Nos. 7, 10*. Plaintiff John Glenn Guthrie responded. *ECF No. 9*. Also before the Court is Guthrie's Motion to Quash the Motion to Dismiss and Motion for Discovery and Hearing. *ECF No. 9*. Upon consideration, the Motion to Dismiss is **DENIED** subject to re-filing. Guthrie must file an Amended Complaint **on or before March 1, 2022**. Guthrie's Motion to Quash and Motion for Discovery and Hearing are **DENIED**.

### Legal Standard

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D. Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

A Complaint should only be dismissed under Federal Rule 12(b)(6) after affording every opportunity for the plaintiff to state a claim upon which relief can be granted. *Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *see also McClellon v. Lone Star Gas Co.,* 66 F.3d 98, 103 (5th Cir. 1995); *Hart v. Bayer Corp.,* 199 F.3d 239, 248 n. 6 (5th Cir. 2000). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt v. City of Pasadena,* 561 F.2d at 608–09. Leave to amend is not required, however, when plaintiffs have already pled their "best case." *Brewster*, 587 F.3d at 768. Whether to grant leave to amend is within the Court's sound discretion. *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003).

**Analysis**

Pursuant to Federal Rule 12(b)(6), PHH seeks dismissal of all asserted causes of action on several grounds. PHH's arguments have merit. Review of the operative pleading and the Motion to Dismiss, however, reveals most of the alleged pleading defects may be cured through the filing of an amended complaint with more careful pleading or detailed drafting.

Therefore, the Court will give Guthrie an opportunity to amend the Original Petition to file an Amended Complaint compliant with the Federal Rules of pleading. *See Hitt,* 561 F.2d at 608–09. Guthrie's Amended Complaint must address the alleged deficiencies noted in PHH's Motion to Dismiss. Amendment will provide Guthrie an opportunity to plead his best case and directly address the alleged pleading deficiencies. Failure to cure these deficiencies may result in dismissal of this suit.

For this reason, PHH's Motion to Dismiss is **DENIED** subject to re-filing. Guthrie must file an Amended Complaint **on or before March 1, 2022**. Failure to file a timely Amended Complaint may result in the dismissal of this suit or some causes of action with prejudice No extensions of time will be allowed.

**Conclusion**

Guthrie's Motion to Quash the Motion to Dismiss and Motion for Discovery and Hearing are **DENIED**.

It is so ORDERED.
SIGNED this 17th day of February, 2022.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE