UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JOHN GLENN GUTHRIE,**

    *Plaintiff*,

v.                                                             Case No. SA-21-CV-01291-JKP

**OCWEN LOAN SERVICING, LLC
REALHOME SERVICES AND
SOLUTIONS, INC., ALTISOURCE,
PREMIUM TITLE, SERVICES –
TEXAS TITLE, HUBZU.COM,
DOES 1-50,**

    *Defendants*.

**O R D E R**

    Before the Court is Defendants', REALHome Services and Solutions, Inc., Altisource Solutions, Inc., and Premium Title Services of Texas, Inc. (collectively "Agent Defendants"), Motion for Partial Judgment on the Pleadings on Plaintiff John Guthrie's causes of action for fraud, negligence, and conspiracy to commit fraud. *ECF No. 41*. Guthrie responded. *ECF No. 46*. Upon consideration, the Motion is GRANTED.

**UNDISPUTED FACTUAL BACKGROUND**

    Guthrie admits he entered a contractual agreement (the Contract) to purchase property owned by Ocwen Loan Servicing (Ocwen). Agent Defendants are agents of Ocwen. After sale of the Property fell through, Guthrie sued Agent Defendants and Ocwen under the Federal Declaratory Judgment Act seeking a declaration of rights and remedies under the Contract with

1

Ocwen. Guthrie also brings pendent causes of action for breach of contract and tort causes of action for fraud and conspiracy to commit fraud.[1]

Agent Defendants now seek partial judgment on the pleadings on the tort causes of action of fraud and conspiracy to commit fraud asserted against them, arguing Guthrie did not allege any independent legal duty or injury outside of the economic losses and emotional distress caused by Agent Defendants' alleged actions under the Contract between Guthrie and Ocwen. Consequently, Guthrie's action sounds only in breach of contract. Agent Defendants seek judgment on the pleadings on these tort causes of action pursuant to Federal Rule 12(c) because the Economic Loss Rule precludes recovery in tort for losses that arise out of the subject matter of a contract, and therefore, Guthrie cannot recover on these tort causes of action.

Guthrie responds that these facts support an exception to the Economic Loss Rule based upon his assertion of fraudulent inducement. In the alternative, Guthrie requests this Court delay ruling on this Motion for Summary Judgment until the close of discovery, under Federal Rule 56(e), and seeks leave to amend his Complaint for the second time.

## LEGAL STANDARD

"[A]fter the pleadings are closed—but early enough not to delay the trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c); *see also Channel Source Inc. v. CTI Indus. Corp.*, No. 3:15-CV-0271, 2015 WL 13118198, at *1 (N.D. Tex. Oct. 26, 2015). The standard for determination of a motion filed under Federal Rule 12(c) is the same as the standard under Federal Rule 12(b)(6) for failure to state a claim. *Johnson v. Johnson*, 385 F. 3d 503, 528 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir 2002)). This Court will accept the facts asserted in a plaintiff's complaint

---

[1] Guthrie generally asserts in a title in the First Amended Complaint and his Response to this Motion that he asserts a cause of action for negligence. However, review of the First Amended Complaint reveals he does not assert this cause of action.

2

as true and view them in the light most favorable to the plaintiff. *Johnson*, 385 F.3d at 529. Dismissal under Federal Rule 12(c) will be granted only when the plaintiff would not be entitled to relief under any set of facts consistent with the complaint. *Id*. "Thus, the inquiry focuses on the allegations in the pleadings and not on whether the plaintiff actually has sufficient evidence to succeed on the merits." *Ackerson v. Bean Dredging, LLC*, 589 F. 3d 196, 209 (5th Cir. 2009) (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007)).

To withstand a Federal Rule 12(b)(6) motion to dismiss, as applied in this context, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, a plaintiff must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The contents of the pleading must provide enough detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*.

## DISCUSSION

### 1. Motion for Judgment on the Pleadings

#### a. Fraudulent Inducement

In opposition to Agent Defendants' contention that the Economic Loss Rule precludes Guthrie's tort causes of action, Guthrie contends he alleges fraudulent inducement under these facts, which is a limited exception to the Economic Loss Rule.

Fraudulent inducement is a recognized exception to the Economic Loss Rule. *Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998);

*Bates Energy Oil & Gas v. Complete Oilfield Services*, 361 F. Supp. 3d 633, 655 (W.D. Tex. 2019). Fraudulent inducement occurs when a party induces another to enter a contract by using false representations. *Id*. To establish fraudulent inducement, a party must establish the same elements of fraud and "the misrepresentation is a false promise of future performance made with a present intent not to perform." *Anderson v. Durant*, 550 S.W.3d 605, 614 (Tex. 2018). "Because fraudulent inducement arises in the context of a contract, the existence of a contract is an essential part of its proof. *Id.*; *see also Bohnsack v. Varco, L.P.*, 668 F.3d 262, 277 (5th Cir. 2012).

Guthrie's asserted exception of fraudulent inducement must fail because he does not assert a cause of action for fraudulent inducement, but only asserts causes of action of fraud and conspiracy to commit fraud. Guthrie does not allege any of the Agent Defendants made misrepresentations to him about the subject property prior to his bid through Hubzu.com, or prior to the final execution of this Contract by an Ocwen representative. For this reason, Guthrie cannot assert a cause of action of fraudulent inducement against Agent Defendants as a matter of law. *See Formosa Plastics Corp. USA*, 960 S.W.2d at 47; *Bates Energy Oil & Gas*, 361 F. Supp. 3d at 655.

To the extent Guthrie contends he asserts a cause of action for fraudulent inducement, Agent Defendants' Motion for Judgment on the Pleading will be granted on this cause of action.

### b. Fraud and Conspiracy to Commit Fraud

The Economic Loss Rule precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract. *Sw. Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493, 494–95 (Tex. 1991); *Lamar Homes, Inc. v. Mid-Continent Cas. Co*., 242 S.W.3d 1, 12 (Tex. 2007) The Rule applies to real estate transactions. *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d

4

617, 618 (Tex. 1986). Under Texas law, privity of contract is not a requirement for application of the Economic Loss Rule, and therefore, may bar tort claims asserted against a defendant who is not a party to the subject contract. *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 419-20 (Tex. 2011); *Aircraft Holding Sols., LLC v. Learjet, Inc.*, No. 3:18-CV-0823, 2022 WL 562760, at *8 (N.D. Tex. Feb. 23, 2022).

To determine whether the Economic Loss Rule applies to preclude fraud causes of action, a court analyzes: (1) whether the facts supporting the tort causes of action arise from a breach of a duty created by contract, as opposed to a duty imposed by law; and (2) whether the alleged injury is to the subject of the contract itself. *Lamar Homes*, 242 S.W.3d at 12; *see also ROCA Res. Co., Inc. v. Devon Energy Prod. Co., L.P.,* No. 4:14-CV-085, 2015 WL 4479118, at *3 (W.D. Tex. July 22, 2015). Under this test, if proof of a tort cause of action requires pleading and proving the contract to establish a duty, the only viable action is one for breach of contract, regardless of how it is framed by the pleadings. *OXY USA, Inc. v. Cook*, 127 S.W.3d 16, 20 (Tex. App.—Tyler, 2003); *Opheim v. Wells Fargo Bank*, No. 3:16-CV-1097, 2016 WL 8715662, at *2 (N.D. Tex. Nov. 9, 2016), report and recommendation adopted, No. 3:16-CV-1097-N-BK, 2016 WL 8711735 (N.D. Tex. Dec. 16, 2016). The liability for the tort cause of action must be independent of the fact that a contract exists, and the defendant must breach a duty imposed by law rather than by the contract. *DeLanney*, 809 S.W.2d at 494. Determination whether to apply the Economic Loss Rule is a question of law for the court to decide. *Tarrant Cnty. Hosp. Dist. v. GE Automation Servs. Inc.*, 156 S.W.3d 885, 895 (Tex. App. – Fort Worth 2005, no pet.)).

With regard to the first prong, in his Amended Complaint, Guthrie alleges he used the "HUBZU.COM" platform to submit a bid to purchase property from Ocwen Loan Servicing; the Agent Defendants informed him he submitted highest bid; he was "offered a contract to sign,

5

and; [t]he executed copy of the contract was returned . . . signed by Bharatha Krishna, representing Ocwen Loan Servicing." Guthrie alleges actions by Ocwen and Agent Defendants after execution of the Contract delayed the closing on the Property and demonstrate a known cloud on the title of the property existed prior to execution of the contract.

Based upon the facts as alleged in the First Amended Complaint, Guthrie identifies Agent Defendants as Ocwen's agents for the purpose of facilitating the performance of the contract between him and Ocwen Loan Servicing. *ECF No. 23, ¶¶ 14, 35-40*. Specifically, Guthrie alleges Agent Defendants failed to perform their duties in facilitating execution of the subject contract, such as: a "document processor" employed by Altisource "continually los[t] documents"; a REALHome employee denied him a "buyer's credit" to accommodate for the Property's foundation issues; Agent Defendants failed to appropriately communicate with him about the purchase process; Agent Defendants failed to "clear title" and sell him an unencumbered Property. *Id. at ¶¶ 17-33*.

These allegations arise solely from duties under the Contract between Guthrie and Ocwen, with Agent Defendants acting as agents to facilitate the transfer of the Property under the Contract for sale. Guthrie cites to no law which created any duties or obligations owed him by Agent Defendants.

With regard to the second prong, to determine whether the Economic Loss Rule bars Guthrie's tort causes of action, this Court must look to the nature of Guthrie's loss. Review of the First Amended Complaint reveals Guthrie's alleged injuries arise solely from his inability to purchase the Property—the subject of the Contract between him and Ocwen. Guthrie alleges his injury is the subject of the Contract, itself, that is, he seeks unspecified actual and liquidated damages, "loss of investment" of $205,000, reimbursement of a real estate agency commission

of $2,850.00, an amount for lost "benefit of the bargain" related to the Property's value, and lost anticipated profits and rental income. *ECF No. 23, ¶ 48*. These alleged economic damages relate only to Guthrie's alleged inability to consummate his purchase under the Contract. Consequently, Guthrie's injury is only the economic loss of the subject of the Contract itself.

Guthrie also contends his assertion of damages for mental anguish and emotional distress constitute noneconomic losses to avoid application of the Economic Loss Rule. However, a plaintiff cannot circumvent the Economic Loss Rule by asserting non-economic damages such as anxiety, embarrassment, mental anguish or financial difficulty caused by the defendants' tortious conduct if these damages stem from or arise from obligations under a contract. *Colbert v. Wells Fargo Bank, N.A.*, 850 Fed. Appx. 870, 876 (5th Cir. 2021); *Opheim,* 2016 WL 8715662, at *2-*3.

Review of the First Amended Complaint reveals Guthrie's additional request for mental anguish and emotional distress damages do not preclude application of the Economic Loss Rule because these damages also arise from Agent Defendants' role in facilitating execution of the Contract between Guthrie and Ocwen. *See id*.

Based upon the facts as alleged in the First Amended Complaint, the Contract between Guthrie and Agent Defendants is the source of all duties owed by Agent Defendants to Guthrie and the source of all rights and remedies between Agent Defendants and Guthrie. For this reason, the action sounds in contract alone, and the Economic Loss Rule precludes Guthrie's tort causes of action against Agent Defendants. *ROCA Resource*, 2015 WL 4479118, at *3.

2. **Motion Under Federal Rule 56(e)**

Guthrie mischaracterizes Agent Defendants' Motion for Partial Judgment on the Pleadings filed pursuant to Federal Rule 12(c) as a Motion for Partial Summary Judgment. *ECF*

*No. 46, p. 1*. As an alternative, Guthrie contends this Court should defer ruling on this Partial Motion for Summary Judgement until the close of discovery pursuant to Federal Rule 56(e) because it is premature. *Id. at p. 9*.

Federal Rule 56(e) does not apply to this Motion for Partial Judgment on the Pleadings. Because the Court finds Guthrie cannot assert the tort causes of action as a matter of law based upon his factual allegations and admissions, a deferred ruling will be inappropriate.

### 3. Motion for Leave to File Second Amended Complaint

As an alternative, Guthrie seeks leave to amend his First Amended Complaint and attaches the proposed Second Amended Complaint.

This Court already granted Guthrie leave to amend his Complaint following dismissal of a Defendant's meritorious Motion to Dismiss for Failure to State a Claim. *ECF No. 13*. At that time, this Court instructed Guthrie that "[r]eview of the operative pleading and the Motion to Dismiss . . . reveals most of the alleged pleading defects may be cured through the filing of an amended complaint with more careful pleading or detailed drafting." *Id*. For this reason, this Court gave Guthrie an opportunity to amend the Original Petition to file an Amended Complaint and instructed Guthrie he would not be given another opportunity to cure any pleading deficiencies. *Id*. Further, because this Court finds Guthrie cannot assert the fraud causes of action as a matter of law based upon his factual allegations and admissions, any amendment would be futile. *See Hitt*, 561 F.2d at 608–09. Consequently, Guthrie's request to amend the First Amended Complaint is DENIED.

## CONCLUSION

Because Guthrie's causes of action for fraud and conspiracy to commit fraud arise solely from a contractual duty, and Guthrie's only damages arise under the Contract between himself and Ocwen, his tort causes of action are barred by the Economic Loss Rule. For this reason, Agent Defendants' Motion for Partial Judgment on the Pleadings is GRANTED. The causes of action of fraud, negligence (to the extent it is asserted) and conspiracy to commit fraud asserted against Agent Defendants are DISMISSED.

It is so Ordered.
**SIGNED this 20th day of July, 2023.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**