UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JOHN GLENN GUTHRIE,**

     *Plaintiff,*

**v.**                                  **Case No. SA-21-CV-01291-JKP**

**OCWEN LOAN SERVICING, LLC
REALHOME SERVICES AND
SOLUTIONS, INC., ALTISOURCE,
PREMIUM TITLE, SERVICES –
TEXAS TITLE, HUBZU.COM,
DOES 1-50,**

     *Defendants.*

## O R D E R

     Before the Court is Defendant, PHH Mortgage Corporation's d/b/a PHH Mortgage Services (PHH), Motion for Summary Judgment on Plaintiff John Guthrie's causes of action for breach of contract, fraud, negligence, and conspiracy to commit fraud. *ECF No. 49*. Guthrie did not respond, although he was given an extension of time upon his own Motion. Upon consideration, the Motion for Summary Judgment is GRANTED.

### UNDISPUTED FACTUAL BACKGROUND

     In his First Amended Complaint, Guthrie admits he entered a contractual agreement (the Purchase and Sale Agreement) to purchase property (the Property) through an online auction site from Ocwen Loan Servicing (Ocwen), now PHH by merger. Guthrie paid a deposit of $2,850.00. Subsequently, an unrelated third party with a first lien foreclosed on the Property. PHH then became aware it would not be able to convey the Property to Guthrie due to its inability to provide insurable title, and PHH notified Guthrie of this development. PHH provided notice of

1

termination of the sale because of a lack of insurable title and issued to Guthrie a refund check in the amount of his deposit. Guthrie cashed the refund check.

Close to four years later, Guthrie filed this suit under the Federal Declaratory Judgment Act seeking a declaration of rights and remedies under the Contract. Guthrie also brings pendent causes of action for breach of contract, fraud, conspiracy to commit fraud, detrimental reliance, and promissory estoppel.[1] Guthrie seeks damages related to the loss of investment, unspecified actual and liquidated damages, real estate agency commission fees of $2,850.00, lost profits and rental income, and damages for mental anguish and emotional distress. PHH now seeks summary judgment on all causes of action arguing PHH was authorized to terminate the contract based upon its terms due to PHH's inability to secure clean title, and Guthrie received the return of his deposit, which under the terms of the contract is the only remedy available to him for PHH's failure to transfer the property.

## LEGAL STANDARD

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[2] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

---

[1] Guthrie generally asserts in a title in the First Amended Complaint that he asserts a cause of action for negligence and for quantum meruit. However, review of the First Amended Complaint reveals he does not assert these causes of action within the body of the Complaint. For this reason, the Court will not address these causes of action, as they are not plead.

[2] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014). If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c).

A court may not grant summary judgment by default should the nonmovant fail to respond. *Bradley v. Chevron U.S.A., Inc.,* No. Civ.A. 204CV092J, 2004 WL 2847463, *1 (N.D.Tex. Dec. 10, 2004) (*citing Eversley v. MBank of Dallas,* 843 F.2d 172, 174 (5th Cir.

1988); *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir. 1985)). In this event, the Court must review the summary judgment motion to determine whether the movant satisfied its summary judgment burden and thereby shifted the burden. *Austin v. Kroger Texas, L.P.*, 864 F. 3d 326, 335 (5th Cir. 2017). Should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017). Consequently, if the movant satisfied its summary judgment burden, and the opposing party filed no response, summary judgment in favor of the movant is appropriate. *Austin*, 864 F.3d at 335; *Broadcast Music*, *Inc.*, 2017 WL 782932, at *2.

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co.*, *Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

## DISCUSSION

### 1.  **Breach of Contract**

To prove a breach of contract cause of action, a plaintiff must show: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff resulting from that breach.

*Villarreal v. Wells Fargo Bank, NA.*, 814 F.3d 763, 767 (5th Cir. 2016); *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App.-Houston [1st Dist.] 2001, no pet.).

PHH contends Guthrie cannot establish it breached the Purchase and Sale Agreement because the terms provide that PHH could terminate the transaction if it was unable to provide insurable title. PHH presents the Purchase and Sale Agreement and its communications with Guthrie as support for this summary judgment argument.

The summary judgment evidence presented support PHH's basis for summary judgment on the breach of contract cause of action. The Purchase and Sale Agreement provides,

> If Seller is unable or unwilling to perform as required by this Agreement for any of the reasons set forth in this **Section 12.4** . . ., then this Agreement may be terminated upon Seller's written notice to Buyer. In such an event, Buyer shall be entitled to the return of the Deposit, pursuant to *Section 5.4,* as Buyer's sole and exclusive remedy at law and/or equity, whereupon, neither party shall have any further rights, duties or obligations hereunder except as otherwise provided herein. In no event shall Buyer have the right to seek or obtain specific performance or enforcement of this Agreement.

*ECF No. 49, Exh. B at Section 12.4; Exhs. B-1, B-2, B-3*. One of the reasons provided in Section 12.4 is "[s]eller is unable or unwilling to provide insurable title." *Id*. at Section 12.4.2.

Thus, the summary judgment evidence shows PHH acted within the terms of the Purchase and Sale Agreement when it terminated the subject transaction because it was unable to provide insurable title due to the first lien holder's foreclosure. Further, under these terms, to terminate the Purchase and Sale Agreement, PHH needed only provide notice, and the only remedy available to Guthrie is the return of his deposit. The summary judgment evidence reveals PHH provided notice of the termination dated February 14, 2018, and refunded Guthrie's deposit by check dated February 15, 2018. Guthrie endorsed the check and accepted the refund. *See id. at Exhs. A-2, B-2, B-3, B-4, B-6*.

Based upon this summary judgment evidence, PHH satisfied its summary judgment burden by informing the Court of the basis for the Motion and identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact and the appropriateness of judgment as a matter of law. *See Celotex Corp.,* 477 U.S. at 323; *Adams,* 465 F.3d at 163. By failing to respond, Guthrie did not satisfy his summary judgment burden. For this reason, the Court will grant summary judgment on the breach of contract cause of action.

### 2.  Tort Causes of Action: Fraud, Conspiracy to Commit Fraud

PHH contends it is entitled to summary judgment on the fraud and conspiracy to commit fraud causes of action because they are barred as a matter of law by the economic loss rule.

The economic loss rule precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract. *Sw. Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493, 494–95 (Tex. 1991); *Lamar Homes, Inc. v. Mid-Continent Cas. Co*., 242 S.W.3d 1, 12-13 (Tex. 2007) The economic loss rule applies to real estate transactions. *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986). The economic loss rule precludes a tort cause of action when: (1) the facts supporting the tort causes of action arise from a breach of a duty created by contract, as opposed to a duty imposed by law; and (2) the alleged injury is to the subject of the contract itself. *Lamar Homes*, 242 S.W.3d at 12-13; *see also ROCA Res. Co., Inc. v. Devon Energy Prod. Co., L.P.,* No. 4:14-CV-085, 2015 WL 4479118, at *3 (W.D. Tex. July 22, 2015). Under this test, if proof of a tort cause of action requires pleading and proving the existence and terms of a contract to establish a duty, the only viable action is one for breach of contract, regardless of how it is framed by the pleadings. *OXY USA, Inc. v. Cook*, 127 S.W.3d 16, 20 (Tex. App.—Tyler, 2003); *Opheim v. Wells Fargo Bank*, No. 3:16-CV-1097, 2016 WL 8715662, at *2 (N.D. Tex. Nov. 9, 2016), report and recommendation adopted, 2016 WL 8711735 (N.D. Tex. Dec. 16,

2016). To survive the economic loss rule, liability for the tort cause of action must be independent of the fact that a contract exists, and the defendant must breach a duty imposed by law rather than by the contract. *DeLanney*, 809 S.W.2d at 494. Determination whether to apply the economic loss rule is a question of law for the court to decide. *Tarrant Cnty. Hosp. Dist. v. GE Automation Servs. Inc.*, 156 S.W.3d 885, 895 (Tex. App. – Fort Worth 2005, no pet.)).

The facts as alleged in the Amended Complaint show the facts supporting the fraud and conspiracy to commit fraud causes of action arise from a breach of a duty created by the Purchase and Sale Agreement, and proof of these causes of action requires proof of the Purchase and Sale Agreement to establish any duty. *ECF No. 23, pp. 4-7*. To support the fraud and conspiracy to commit fraud causes of action in his Amended Complaint, Guthrie alleges he submitted the highest online bid to purchase the Property from PHH, and the parties signed the Purchase and Sale Agreement. Guthrie alleges PHH failed to perform under the Purchase and Sale Agreement by canceling the transaction and failed to "clear title" and sell him an unencumbered Property. *Id. at ¶¶ 17-33*. These allegations arise solely from PHH's obligation created by the Purchase and Sale Agreement. Consequently, because proof of these tort causes of action require pleading and proving the Purchase and Sale Agreement to establish a duty, the only viable action is one for breach of contract.

Further, review of the Amended Complaint reveals Guthrie's alleged injuries arise solely from his inability to purchase the Property under the terms of the Purchase and Sale Agreement. Guthrie alleges his injury is unspecified actual and liquidated damages, "loss of investment" of $205,000, reimbursement of a real estate agency commission of $2,850.00, an amount for lost "benefit of the bargain" related to the Property's value, and lost anticipated profits and rental income. *ECF No. 23, ¶ 48*. These alleged economic damages relate only to Guthrie's alleged

inability to consummate his purchase of the Property under the Purchase and Sale Agreement. Consequently, Guthrie fails to allege any facts supporting any tort injury independent of the purported economic losses caused by the alleged failure to perform contractual obligations.

Guthrie's assertion of damages for mental anguish and emotional distress as noneconomic losses do not avoid application of the economic loss rule. A plaintiff cannot circumvent the economic loss rule by asserting non-economic damages such as anxiety, embarrassment, mental anguish or financial difficulty caused by the defendants' tortious conduct if these damages stem from or arise from obligations under a contract. *Colbert v. Wells Fargo Bank, N.A.*, 850 Fed. Appx. 870, 876 (5th Cir. 2021); *Opheim,* 2016 WL 8715662, at *2-*3.

Based upon the facts as alleged in the Amended Complaint, the Purchase and Sale Agreement is the source of all duties owed by PHH to Guthrie and the source of all rights and remedies between PHH and Guthrie. For this reason, the action sounds in contract alone, and the economic loss rule precludes Guthrie's tort causes of action against PHH. *See ROCA Resource*, 2015 WL 4479118, at *3. Based upon this summary judgment evidence, PHH satisfied its summary judgment burden by informing the Court of the basis for the Motion and identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact and the appropriateness of judgment as a matter of law. *See Celotex Corp.,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d at 163. Guthrie did not satisfy his summary judgment burden by failing to respond. For this reason, the Court will grant summary judgment on the fraud and conspiracy to commit fraud causes of action

### 3.   Detrimental Reliance and Promissory Estoppel

Guthrie's cause of action for detrimental reliance fails as a matter of law because it is not an independent cause of action under Texas law. *Univ. of Tex. Sys. v. Courtney,* 946 S.W.2d 464,

468 (Tex. App.-Fort Worth 1997, writ denied). Instead, "detrimental reliance is one element of promissory estoppel." *Ludman v. Pac. Southwest Bank, F.S.B.,* No. 05-96-01228-CV, 1998 WL 834677, at *3 (Tex. App.-Dallas Dec. 4, 1998, no pet.).

To prove a promissory estoppel cause of action, a plaintiff must establish: (1) the defendant made a promise to the plaintiff; (2) which the plaintiff reasonably and substantially relied on to his detriment; (3) where such reliance was foreseeable by the defendant, and (4) injustice can be avoided only by enforcing the defendant's promise. *English v. Fischer,* 660 S.W.2d 521, 524 (Tex. 1983); *Henry Schein, Inc. v. Stromboe,* 102 S.W.3d 675, 686 n.25 (Tex. 2002). However, promissory estoppel is an equitable remedy that is not available when the parties entered into a contract. *Fortune Prod. Co. v. Conoco, Inc.,* 52 S.W.3d 671, 684 (Tex. 2000); *Spicer v. Maxus Healthcare Partners, LLC,* 616 S.W.3d 59, 122-23 (Tex. App. -Fort Worth 2020, no pet.).

This Court already determined the undisputed facts and summary judgment evidence show the parties entered the Purchase and Sale Agreement, and the terms of this agreement provide PHH the option to terminate the contract because it could not transfer title, and it provides the remedy available to Guthrie should this happen. Because the terms of the Purchase and Sale Agreement provide the remedy Guthrie seeks, he is not entitled to equitable remedy through promissory estoppel as a matter of law. *See id.*

Based upon this summary judgment evidence, PHH satisfied its summary judgment burden by informing the Court of the basis for the Motion and identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact and the appropriateness of judgment as a matter of law. *See Celotex Corp.,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d at 163. Guthrie did not satisfy his summary judgment burden by

failing to respond. For this reason, the Court will grant summary judgment on the detrimental reliance and promissory estoppel causes of action

### 4.  Declaratory Relief

Finally, Guthrie seeks declaratory relief. This request fails as a matter of law.

A request for declaratory judgment is remedial in nature and dependent upon the assertion of viable causes of action. *Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170-71 (5th Cir. 1990); *James v. Wells Fargo Bank, N.A.*, CIV.A. H-14-0449, 2014 WL 2123060, at *8-9 (S.D. Tex. May 21, 2014). Because this Court determined summary judgment is appropriate on all of Guthrie's asserted causes of action, his request for declaratory judgment claim must be dismissed. *Davis v. Bank of America*, No. 3:11-CV-3276-B, 2012 WL 7679452, at *4 (N.D. Texas July 6, 2012); *Kazmi v. BAC Home Loans Servicing, Inc.*, 2012 WL 629440, at *15 (E.D. Tex. Feb. 3, 2012); *Deranchesi v. Wells Fargo Bank, NA.*, 837 F. Supp. 2d 616, 626-27 (N.D. Tex. 2011).

Similarly, Guthrie's additional requests for award of attorney fees must be dismissed because Guthrie failed to assert a viable cause of action that would support this relief.  *Green Int'l, Inc. v. Solis,* 951 S.W.2d 384, 390 (Tex. 1997).

### Conclusion

For the reasons stated, the Court GRANTS summary judgment on all causes of action asserted against PHH.

The Court's referral of this matter to the Magistrate Judge is withdrawn. The Clerk of Court is directed to close the case. The Court will issue a Final Judgment separately.

It is so ORDERED.
SIGNED this 19th day of October, 2023.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE